GUS CANTRELL, et ux., and WILLIAM C. TINGLE v.
JULIUS HERRING

198 So. 206
Division A
Opinion Filed October 15, 1940
Rehearing Denied November 6, 1940

*W. D. Bell,* for Appellants;

*R. Percy Jones, Louis O. Gravely* and *Cyrus Q. Stewart,* for Appellee.

BUFORD, J.—On appeal we review decree in favor of plaintiff in a suit to require specific performance of a contract to convey land.

Appellant presents six (6) questions for our consideration. They are as follows:

*"Question One:*

"In suit for specific performance of contract for sale of lands described in contract where the bill does not claim

error in description, may the court enter a decree requiring the conveyance of lands other than described in the bill?

"*Question Two:*

"H enters into a contract for the purchase of lands from C; H informs T of his contract with C and advises T to inspect the record before purchase of land from C; T inspects the record and finds that the contract between H and C does not describe any part of the lands he seeks to purchase from C and he makes a contract for the purchase from C of lands not described in the contract of H and C, and goes into possession and improves the same; H brings a bill for specific performance against C and joins T as a defendant: no claim is made in the bill of complaint or any error or mistake in description; the court enters a decree requiring the deeding of land by C to H not described in the contract between C and H and cancelling the contract between C and T. Is such a decree valid as to T?

"*Question Three:*

"H and C sign a contract for a sale of lands described therein to H; the wife of C does not agree in the contract or elsewhere to convey to H but signs her name to the contract with her husband but not in the presence of two witnesses. Can the contract be specifically enforced against the wife of C?

"*Question Four:*

"Assuming that a contract might be specifically enforced against the wife of C under the circumstances set forth in the preceding question, could she be required to execute deed to property not described in the contract, there being no charge in the bill of any error or mistake in description?

"*Question Five:*

"May a contract be specifically enforced against the vendor when the vendee has failed to perform the contract on his part within the time named in the contract?

"*Question Six:*

"C and H enter into a contract for sale and purchase of land; C borrows $50 from L and according to L, delivers him the contract as security without any assignment in writing of contract: H pays $50 to L and L delivers contract to H, and claims this payment as a payment as a payment to C under the terms of the contract: should such claim be allowed over objection of C?"

As to Questions One and Four, which may be considered together, we find that the description of the land contained in the contract between Cantrell and Herring, and which appears to have been executed by Gus Cantrell and Henrietta Cantrell, his wife, and Julius Herring, under seal and in the presence of two witnesses and duly ackonwledged by Gus Cantrell and Henrietta Cantrell, his wife, and Julius Herring, was:

"The parcel comprising ten (10) acres more or less in the north half of that parcel of land known as the H. C. Avant Claim in the NW¼ of the NE¼ of Section 24, Township 43 South Range 34 East, bounded on the north by the State Highway, on the east by Tom Geiger's place, on south by the road known as the Hooker's Point Road, and on the west by the Herring place."

In the amended bill of complaint it is alleged that the plaintiffs entered into a contract with Gus Cantrell and his wife for the purchase of 20 acres of land comprising two tracts, described as follows:

"Tract No. 1:

"A parcel in the west half of that tract of land in the NW¼ of the NE¼ of Section 24, Township 43, South Range 34 East, known as the H. C. Avant Claim, comprising ten (10) acres more or less, bounded on the West by L. L. Lowe's place, on the north by the State Highway, on

the East by the Gus Cantrell place, on the South by the road known as the Hooker's Point Road.

"Tract No. 2:

"The parcel comprising ten acres more or less in the N½ of that parcel of land known as the H. C. Avant Claim in the NW¼ of the NE¼ of Section 24, Township 43 South, Range 34 East, bounded on the north by the State Highway, on the East by Tom Geiger's place, on the South by the road known as the Hooker's Point Road, and on the West by the Herring place."

It is alleged that Cantrell and wife agreed to sell the lands to the plaintiff for $400.00 cash for tract No. 1 and thereupon executed a deed to said land bearing date of May 26, 1927, and on the same date at the same time agreed to sell plaintiff tract No. 2 for the sum of $600.00 payable on the 1st day of June, and entered into a written contract so to do. Copy of the deed and contract are attached and made a part of the bill of complaint.

The bill further alleged that the plaintiff had the No. 1 land described in the contract surveyed and that such tract is specifically described as follows:

"Begin at the NE Cor. of Section 24, Twp. 43 S. Range 34 E, thence run southerly along the east line of said Section 531 feet more or less to the S Right of Way of State Road No. 25, thence westerly along the southerly side of State Road No. 25, 439.8 feet to the point of beginning of the land involved, thence S. 1 degree 32 minutes, W. 615 feet to the County Road known as Hooker Point Road; thence southwesterly along the northerly side of the County Road 346.05 to an Iron Pin, thence northerly parallel to the E section line 875.82 feet to. said road No. 25, thence easterly along the southerly side of State Road No. 25, 290.47 feet to the point of beginning."

It is alleged that the tract actually contains only 5.28 acres instead of 10 acres as shown in the contract.

The description of Tract No. 2 as contained in the contract describes a parcel of land "bounded on the north by State Highway, on the East by Tom Geiger's Place, on the south by the road known as Hooker's Point Road and on the west by the Herring Place."

The record shows that the lands referred to in the contract were the identical lands which were surveyed and by the surveyor described as hereinbefore set forth.

The record also shows that the plaintiff was turned into possession of that particular parcel of land by the defendant Gus Cantrell and that he remained in possession of the land until Gus Cantrell with force and arms ejected him from it. Therefore, we must hold that the allegations of the bill of complaint were sufficient in this regard to warrant a decree describing the land as described according to the survey, *supra*.

As to Question No. 2, the record shows that the defendant William C. Tingle acquired certain portions of the above described property with notice that the plaintiff claimed the right to have the conveyance of the lands from Cantrell under the contract, *supra*.

The answer to questions No. 3, No. 5, and No. 6 depends upon the weight given to the evidence. The chancellor evidently found against the contentions of the defendant. The chancellor found:

"That the defendant, Gus Cantrell, borrowed the sum of $50.00 from one T. C. Lang and hypothecated or pledged his contract with the complainant, Julius Herring, to the said T. C. Lang as security for payment of said loan, and that the said Julius Herring paid off said indebtedness to the said T. C. Lang, the sum of $50.00 and took up said contract from said T. C. Lang, and is entitled to a credit

in the sum of $50.00 on the purchase price of the property involved in' this suit.

"Tenth: That after giving credit to the complainant the sum of $150.00 received by the defendants, Gus Cantrell and wife, from James L. Tindale, and the sum of $50.00 received from T. C. Lang, there remains due to the defendants Gus Cantrell and wife, Henrietta Cantrell, the sum of $400.00 plus interest thereon from the 1st day of June, 1938, at 8% per annum, from the complainant."

The evidence supports the findings of the chancellor.

No reversible error is reflected in the record. Therefore, the decree is affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.